UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| MILTON B. CARMICHAEL | CIVIL ACTION |
|---|---|
| VERSUS | No. 09-3098 |
| GALLIANO MARINE SERVICE, L.L.C. AND M/V WHEELER, *in rem* | SECTION I/4 |

## ORDER AND REASONS

Before the Court is a motion for partial summary judgment filed by defendant, Galliano Marine Service, L.L.C. ("Galliano").[1] Plaintiff, Milton Carmichael, opposes the motion. For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**.

### *BACKGROUND*

Beginning in June, 2007, and continuing through approximately August, 2007, plaintiff worked as a seaman for Galliano.[2] On or about August 1, 2007, plaintiff was working on the M/V Wheeler doing clean-up work to prepare the M/V Wheeler for sea.[3] Plaintiff alleges that although he became ill and requested care while he was working, defendant refused to provide him with medical care and forced plaintiff to continue working.[4] According to plaintiff, he was sent ashore on August 5, 2007, whereupon he was terminated.[5]

On March 19, 2009, plaintiff filed this lawsuit alleging that defendant failed to pay plaintiff all of his accrued wages.[6] Plaintiff alleges that defendant deducted premiums from

---

[1] R. Doc. No. 21.
[2] R. Doc. No. 1, paras. vi-vii.
[3] R. Doc. No. 1, para. vii; R. Doc. No. 34-1, p. 2.
[4] R. Doc. No. 1, para. vii.
[5] R. Doc. No. 1, para. viii(a). There is some confusion among the parties as to whether plaintiff left the vessel on August 5 or August 6. The Court need not resolve that dispute, however, as that fact is immaterial for the purposes of this order.
[6] R. Doc. No. 1, para. ix.

1

plaintiff's pay for insurance which was not provided to plaintiff.[7]  Plaintiff claims that defendant is liable to plaintiff for "penalty wages" pursuant to 46 U.S.C. §§ 10313 and 10504[8] and La. R.S. 23:632.[9]  Plaintiff made claims for maintenance and cure, breach of contract, a maritime tort for failure to timely pay back-wages due to plaintiff, and blacklisting under maritime tort law.

On January 29, 2010, defendant filed this partial motion for summary judgment seeking dismissal of plaintiff's penalty wage claims.  Defendant argues that 46 U.S.C. §§ 10313 and 10504 are not applicable because the M/V Wheeler was not engaged in an eligible voyage for the purposes of the statute.  Defendant argues that plaintiff's claim under La. R.S. 23:632 should be dismissed because plaintiff did not make a demand for the unpaid wages prior to filing this lawsuit.

*LAW AND ANALYSIS*

**I.    STANDARD OF LAW**

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact.  Fed. R. Civ. P. 56(c).  The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case.  Celotex, 477 U.S. at 323; Fontenot v. Upjohn Co., 780 F.2d 1190, 1195 (5th Cir. 1986).

---

[7] R. Doc. No. 1, para. ix.  Defendant concedes that it made this error.  R. Doc. No. 21-1, p. 7.
[8] § 10504 was not specifically pleaded in the complaint.  Both parties agree, however, that § 10504 was also claimed.
[9] R. Doc. No. 1.

2

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The non-moving party must carry this burden as to each essential element on which it bears the burden of proof. Schaefer v. Gulf Coast Regional Blood Center, 10 F.3d 327, 330 (5th Cir. 1994). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. Id. The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." Id. at 255; see Hunt v. Cromartie, 526 U.S. 541, 552 (1999).

## II.   DISCUSSION

### A. 46 U.S.C. § 10504

By its terms, 46 U.S.C. § 10501 governs the applicability of 46 U.S.C. § 10504.[10]  46 U.S.C. § 10501(a) states:

> Except for a vessel to which chapter 103 of this title applies, this chapter applies to a vessel of at least 50 gross tons as measured under section 14502 of this title, or an alternate tonnage measured under section 14302 of this title as prescribed by the Secretary under section 14104 of this title on a voyage between a port in one State and a port in another State (except an adjoining State).

46 U.S.C. § 10501(a).  Defendant asserts that plaintiff is not entitled to relief under § 10504 because, at the time plaintiff served on the M/V Wheeler, the vessel was not "on a voyage between a port in one State and a port in another State."

Although plaintiff argues that the M/V Wheeler was on a voyage from Louisiana to Virginia either during plaintiff's employment or shortly thereafter, plaintiff's own evidence reveals that the M/V Wheeler's voyage to Virginia did not begin until well after plaintiff's employment ceased.  Plaintiff's affidavit states that "he was still part of the crew when it set sail for sea trials and shakeout cruise **in preparation** of a voyage to Norfolk, Virginia."[11] (emphasis

---

[10] 46 U.S.C. § 10504 states in relevant part:
    (a) After the beginning of a voyage, a seaman is entitled to receive from the master, on demand, one-half of the balance of wages earned and unpaid at each port at which the vessel loads or delivers cargo during the voyage.  A demand may not be made before the expiration of 5 days from the beginning of the voyage, not more than once in 5 days, and not more than once in the same port on the same entry.  If a master does not comply with this subsection, the seaman is released from the agreement required by section 10502 of this title and is entitled to payment of all wages earned.  Notwithstanding a release signed by a seaman under section 10312 of this title, a court having jurisdiction may set aside, for good cause shown, the release and take action that justice requires.  This subsection does not apply to a fishing or whaling vessel or yacht.
    (b) The master shall pay a seaman the balance of wages due the seaman within 2 days after the termination of the agreement required by section 10502 of this title or when the seaman is discharged, whichever is earlier.
    (c) When payment is not made as provided under subsection (b) of this section without sufficient cause, the master or owner shall pay to the seaman 2 days' wages for each day payment is delayed.

[11] R. Doc. No. 28-6, p. 1.

added). Plaintiff also concedes that he left the M/V Wheeler on August 6, 2007 and that plaintiff never returned.[12]

A review of the ship's log, attached to plaintiff's opposition, reveals that the M/V Wheeler spent the month of August conducting sea trials in the Gulf of Mexico.[13] The ship returned to its Fourchon, Louisiana port at least six times between August 6, 2007, when plaintiff left the ship for the last time, and September 20, 2007, when the ship was underway to Norfolk, Virginia.[14] A ship's subsequent travels cannot transform the nature of the voyage upon which the plaintiff serves. Crowley v. Old River Towing Co., 664 F.Supp 1008, 1010 (E.D.La. 1987) (finding that the ship was not engaged in a foreign or intercoastal voyage until the vessel left its moorings for Africa).

Plaintiff left the M/V Wheeler more than one month before the ship departed for Virginia. Although plaintiff now asserts that he expected to a member of the crew of the M/V Wheeler's voyage to Virginia, the undisputed facts reveal that he did not serve on that voyage. Plaintiff's argument that "[b]ut for his illness, he would have continued with the vessel to Norfolk" does not transform the nature of the ship's voyage while plaintiff was actually serving. Accordingly, defendant's motion with respect to plaintiff's claims under § 10504 is **GRANTED**.

---

[12] R. Doc. No. 28-10, p. 2.
[13] R. Doc. No. 28-3.
[14] R. Doc. No. 28-3, 28-4.

B. La. R.S. 23:632

Defendant also moves to dismiss plaintiff's claims pursuant to La. R.S. 23:632.[15] La. R.S. 23:632 states:

> Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from the time of making the first demand following discharge or resignation.

In order to recover pursuant to La. R.S. 23:632, plaintiff must prove that "(1) wages were due and owing; (2) demand for payment was made where the employee was customarily paid; and (3) the employer did not pay upon demand." Becht v. Morgan Building & Spas, Inc., 843 So.2d 1109, 1112 (La. 2003). Defendant does not contest that wages were due and owing.[16] Defendant argues, however, that no demand was made until the filing of the lawsuit and that the filing of a lawsuit is insufficient to constitute demand under the statute.

Defendant relies on Mitchell v. Fein, 281 So.2d 463, 464 (La.App. 4 Cir. 1973), to support defendant's contention that a lawsuit does not constitute sufficient demand. Defendant's reliance is misplaced, however, because the court that decided Fein subsequently found that Louisiana Supreme Court precedent dictates that a lawsuit is sufficient demand to trigger the

---

[15] La. R.S. 23:632 states, "Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from the time of making the first demand following discharge or resignation."
[16] R. Doc. No. 21-1, p. 7.

6

penalty provisions of La. R.S. 23:632. See M&D Simon Co. v. Blanchard, 389 So.2d 401, 402-03 (La.App. 4 Cir. 1980) (on rehearing) (citing Carriere v. Pee Wee's Equipment Co., 364 So.2d 555, 557 (La. 1978)). Accordingly, the filing of this lawsuit is sufficient demand to trigger the statute.

Defendant next argues that it is entitled to certain equitable defenses based on a "good faith and non-arbitrary defense to liability."[17] Defendant is correct that under Louisiana law, equitable defenses are available to the penalty wage statute, "and penalty wages are not to be absolutely imposed irrespective of the circumstances." Kern v. River City Ford, Inc., 754 So.2d 978, 983 (La.App. 1 Cir. 1999). "Generally, when there is a good faith question of whether or not the employer actually owes past due wages or whether there may be an offset to wages owed, resistance to payment will not trigger penalty wages. However, when the employer is arbitrary or sets out procedural pitfalls for the employee or is merely negligent in failing to pay past due wages, penalty wages will be assessed." Id.

Defendant asserts that the failure to pay plaintiff was a mere clerical error and such failure does not demonstrate that the employer acted arbitrarily, capriciously, or in bad faith. Clerical errors can constitute "a reasonable good faith explanation for non-payment" precluding penalty wages. See Williams v. Lafayette Parish School Bd., 533 So.2d 1359, 1363 (La.App. 3d Cir. 1989).

The complaint was filed on March 19, 2009.[18] The summons was returned executed on March 25, 2009.[19] Defendant did not pay the undisputed wages owed, however, until July 10,

---

[17] R. Doc. No. 21-1, p. 7.
[18] R. Doc. No. 1.
[19] R. Doc. No. 3.

2009.[20] Although defendant's initial failure to pay was a simple clerical error, defendant provides no explanation for the length of the delay between the receipt of the complaint and the payment of the undisputed wages. Such delay is particularly troubling because plaintiff's complaint described the exact clerical error made by defendant. Accordingly, a genuine issue of material fact remains as to whether defendant's failure to pay the wages owed until July 10, 2009, was arbitrary, capricious, or in bad faith.[21]

### III. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that defendant's motion for partial summary judgment is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claims under 46 U.S.C. §§ 10313[22] and 10504 are **DISMISSED WITH PREJUDICE.** Plaintiff's claim for "blacklisting" under general maritime law is **DISMISSED WITH PREJUDICE**.[23] Defendant's motion for partial summary judgment regarding plaintiff's claims under La. R.S. 23:632 is **DENIED**.

New Orleans, Louisiana, March 31, 2010.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[20] R. Doc. No. 28-9. Defendant does not contest that its records reveal that it deducted payments from plaintiff's paycheck for insurance that was never provided to plaintiff. R. Doc. No. 21-1, p. 7.
[21] The Court also notes that even if plaintiff's penalty wage claims were dismissed, plaintiff's claim for attorney fees under Louisiana law would remain. Attorney fees are mandatory when an employee brings a well founded lawsuit for unpaid wages. Howser v. Carruth Mortg. Corp., 476 So.2d 830, 836 (La.App. 5 Cir. 1985). The attorney fees provision is not subject to any equitable defenses that may be raised by the employer. Kern, 754 So.2d at 985.
[22] Plaintiff concedes that § 10313 does not apply. R. Doc. No. 28, p. 9.
[23] Plaintiff's opposition did not address defendant's arguments with respect to the blacklisting claims. Accordingly, that portion of the defendant's motion for summary judgment is granted as unopposed.